EASTERBROOK, Circuit Judge.
Our first decision in this appeal concluded that Springfield’s anti-panhandling ordinance does not draw lines based on the content of anyone’s speech. Because the litigants agreed that the ordinance’s validity depends on this issue, we affirmed the district court’s decision. 768 F.3d 713 (7th Cir.2014). We deferred consideration of the petition for rehearing until the Supreme Court decided Reed v. Gilbert, — U.S.-, 135 S.Ct. 2218, 192 L.Ed.2d 236 (2015). Shortly after deciding Reed, the Court remanded Thayer v. Worcester, 755 F.3d 60 (1st Cir.2014), a panhandling-ordinance decision on which our first opinion had relied, for further consideration in light of Reed. — U.S. -, 135 S.Ct. 2887, — L.Ed.2d - (2015). At our request, the parties filed supplemental memoranda discussing Reed. We now grant the petition for rehearing and apply Reed to Springfield’s ordinance.
As our first opinión explained, •§ 131.06 of Springfield’s Municipal Code
prohibits panhandling in its “downtown historic district” — less than 2% of the City’s area but containing its principal shopping, entertainment, and governmental areas, including the Statehouse and many state-government buildings. The ordinance defines panhandling as an oral request for an immediate donation of money. Signs requesting money are allowed; so are oral pleas to send money later. Springfield evidently views signs and requests for deferred donations as less impositional than oral requests for money immediately, which some persons (especially at night or when no one else is nearby) may find threatening.
768 F.3d at 714. Plaintiffs contend that the ordinance’s principal rule — barring oral requests for money now but not regulating requests for money later — is a form of content discrimination.
The panel disagreed with that submission for several reasons. We observed that the ordinance does not interfere with the marketplace for ideas, that it does not practice viewpoint discrimination, and that the distinctions that plaintiffs call content discrimination appear to be efforts to make the ordinance less restrictive, which should be a mark in its favor. We summed up: “The Court has classified two kinds of *387 regulations as content-based. One is regulation that restricts speech because of the ideas it conveys. The other is regulation that restricts speech because the government disapproves of its message. It is hard to see an anti-panhandling ordinance as entailing either kind of discrimination.” 768 F.3d at 717 (citations omitted). We classified the ordinance as one regulating by subject matter rather than content or viewpoint.
Reed understands content discrimination differently. It wrote that “regulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed.” 135 S.Ct. at 2227 (emphasis added). Springfield’s ordinance regulates “because of the topic discussed”. The Town of Gilbert, Arizona, justified its sign ordinance in part by contending, as Springfield also does, that the ordinance is neutral with respect to ideas and viewpoints. The majority in Reed found that insufficient: “A law that is content based on its face is subject to strict scrutiny regardless of the government’s benign motive, content-neutral justification, or lack of ‘animus toward the ideas contained’ in the regulated speech.” 135 S.Ct. at 2228. ■ It added: “a speech regulation targeted at specific subject matter is content based even if it does not discriminate among viewpoints within that subject matter.” Id. at 2230.
Three Justices concurred only in the judgment in Reed. 135 S.Ct. at 2236-39 (Kagan, J., joined by Ginsburg & Breyer, JJ.). Like our original opinion in this case, these Justices thought that the absence of an effort to burden unpopular ideas implies the absence of content discrimination. But the majority held otherwise; that’s why these three Justices wrote separately. The majority opinion in Reed effectively abolishes any distinction between content regulation and subject-matter regulation. Any law distinguishing one kind of speech from another by reference to its meaning now requires a compelling justification.
Our observation, 768 F.3d at 717, that Springfield has attempted to write a narrowly tailored ordinance now pertains to the justification stage of the analysis rather than the classification stage. But Springfield has not contended that its ordinance is justified, if it indeed represents content discrimination. As we said at the outset, the parties have agreed that the ordinance stands or falls on the answer to the question whether it is a form of content discrimination. Reed requires a positive answer.
The judgment of the district court is reversed, and the case is remanded for the entry of an injunction consistent with Reed and this opinion.